OLIVER M. JONES *vs.* JAMES McDERMOTT.

The statute of limitations does not begin to run as to money held by a trustee till he does some act repudiating the trust.

CONTRACT for money had and received by the defendant to the use of the plaintiff. Writ dated June 18, 1872. The answer was a general denial and the statute of limitations.

At the trial in the Superior Court, before *Dewey*, J., the plaintiff introduced evidence, that November 20 and 23, 1865, he gave to his daughter, Olive J. McDermott, the defendant's wife, in the defendant's presence, two sums of money, amounting to about $560; that it was agreed between the plaintiff and Olive that she should take care of the money for him; that whenever he wanted money, he should call for it, and she would give it to him; and that there was talk between the defendant and his wife, at the time the money was paid over, as to its deposit.

The plaintiff proved by the treasurer of the Lowell Five Cent Savings Bank that the defendant, November 23, 1865, deposited therein in his own name, in trust for Olive, the sum of $540, of which sum he drew from the bank, July 14, 1866, $40, and that the balance was remaining in the bank. The defendant took a book of deposit, and it was agreed that the balance due on this book was $785.74, including interest, at the day of the trial. The plaintiff also introduced evidence tending to show that

in 1870 or 1871, the defendant spoke to two of the plaintiff's wit-
nesses at different times about there being some money belonging
to the old man, meaning the plaintiff, in the savings bank. Olive
died in June, 1872.

After this evidence was introduced, the plaintiff rested his case;
and the defendant asked the court to rule, that upon these facts
the plaintiff could not maintain this action; but the court de-
clined so to rule.

The defendant thereupon introduced evidence tending to show
that he had himself earned large sums of money; that none of
the money deposited in the savings bank was the plaintiff's prop-
erty; that it was his money, and deposited by him in his own
name in trust for Olive, his wife, and that Olive had money on
deposit in two other savings banks in said Lowell; that the
book of deposit in the Lowell Five Cent Savings Bank was kept
by his wife in her possession until she died; and that upon her
death he took it, and had since held it, claiming the money.

The plaintiff in rebuttal introduced evidence to show that the
defendant had said that he drew about $40 of his wife's father's
money out of the bank, to pay the funeral expenses of his, the
plaintiff's, son.

Upon this evidence, the defendant contended that the plaintiff
could not recover in this action, and asked the court so to rule,
and to instruct the jury that if they should find that the money
deposited in the Lowell Five Cent Savings Bank was the same
money paid by the plaintiff to Olive J. McDermott, to be held
by her in trust, then the defendant was not liable therefor in this
action; and to further instruct the jury, that whether the money
at the time of the deposit was the property of the defendant or
not, it became by the deposit, in the manner proved, the property
of Olive J., and ceased to be that of the defendant; and that the
defendant was not liable therefor in this action.

The court declined so to rule, but instructed the jury, that if
the defendant at the time of the commencement of the action had
money of the plaintiff in his hands which ought to be paid to the
plaintiff, and which the defendant ought not to retain, the plain-
tiff could recover; that if the money deposited November 23,

1865, in the name of the defendant, in trust in the savings bank, was the money of the plaintiff which had been delivered at his request to the defendant's wife, to be kept for the plaintiff's use, and by her delivered to the defendant to be deposited for the same purpose, he having knowledge of the facts, the plaintiff could recover the amount and interest accrued thereon, less what had been paid to the plaintiff.

The jury found for the plaintiff, and assessed the damages in the sum of $785.74, and found specially, that the money so deposited in the savings bank was the identical money paid by the plaintiff to Olive. The defendant alleged exceptions.

*G. F. Richardson,* for the defendant.

*C. A. F. Swan,* for the plaintiff.

DEVENS, J. The ruling of the court at the trial is objected to on the ground that there was no sufficient evidence in law that the money paid to the defendant's wife ever came into his possession, and no evidence that the same was by her delivered to the defendant to be deposited for the benefit of the plaintiff. The evidence on behalf of the plaintiff proved, if believed, that on the 20th and 23d of November, 1865, he delivered to Olive J. Mc-Dermott, who was his daughter, and the wife of the defendant, two sums, amounting in the aggregate to $560; that it was agreed between the plaintiff and Olive that she should take care of his money for him, and that whenever he wanted it, he should call for it and she would give it to him; that all this took place in presence of the defendant, and that there was talk between the defendant and his wife, at the time of its being paid over, as to its deposit; that on the last of these days, the defendant deposited $540 in the savings bank in his own name in trust for Olive J. McDermott; that out of this sum the defendant, on the 14th day of July, 1866, drew the sum of $40, and subsequently stated that he had drawn about $40 of his wife's father's money from the savings bank to pay the funeral expenses of his, the plaintiff's, son; that in the years 1870 and 1871, he spoke to two persons about there being some money belonging to the plaintiff in the savings bank; and it was further shown, that the deposit book of the savings bank was kept by the wife until she died, in 1872. This

evidence, with the inferences which could fairly be drawn from it, amply justified the verdict. We have not adverted to the evidence by which the defendant sought to meet this, as, if there was sufficient to go to the jury, the questions of its weight and credibility were for them.

The defendant further contends that the statute of limitations is a bar to this action, Olive J. McDermott having received this money in 1865. Upon the evidence as, under the instruction, the jury must have believed it, this money was placed in his wife's hands in trust for the plaintiff, and the mode adopted by her was to give it to the defendant to deposit; which he did in his own name in trust for his wife. As all this was done by him with full knowledge of the facts, it must be presumed that it was done with the honest intention of executing the trust. His possession was not adverse to that of the plaintiff, for he held the legal title for his wife as *cestui que trust*, she herself holding in trust for the plaintiff. The plaintiff, so far as appears, had no knowledge of the form in which the deposit had been made. But the money in the defendant's hands was charged with the trust upon which it had been delivered to his wife. Up to the time of the death of the wife, there had been no repudiation of this trust, but recognitions of it by the acts and statements heretofore quoted. When the relation of trustee and *cestui que trust* has been shown to exist, there must be evidence of a repudiation of it, and of an intention to hold the property adversely, before the statute will begin to run. *Merriam* v. *Hassam,* 14 Allen, 516, and cases cited.

There is no evidence here of any adverse possession until the defendant, after the death of the wife, took possession of the deposit book and claimed the money as his own.

*Exceptions overruled.*