THERESA M. MOORE vs. JOHN J. O'HARE, executor.

Suffolk.    March 29, 1916. — May 19, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Gift.    Trust,* Creation.

The aunt in this country of a girl seven years of age then living in Ireland deposited in a savings bank in her own name as trustee for the girl $200 that belonged to the girl as the only next of kin of her deceased mother, and afterwards deposited in this account $350 to which was added the accumulated interest. Later when the girl came to this country the aunt showed her the bank book and told her that the money that her mother had left was to be put in the bank in trust for her. For more than seven years the aunt collected wages earned by the girl, amounting to $1,190, and told the girl that she was saving them for her and was putting them with her mother's money so that the girl should have that in trust. In fact she deposited in the trust account $350 of the wages and mingled the balance with her own money. The aunt stated to the girl that she could have the money in the trust account if anything happened to the aunt and that the account would be something that the plaintiff always could have. In a suit in equity brought by the girl after the aunt's death against the executor of her will, it was *held*, that these facts with the inferences naturally to be drawn from them were sufficient to justify, if not to require, a finding that the account in the savings bank became a completed gift when the plaintiff's aunt first informed her that the original deposit of money in that account was the money that had belonged to the plaintiff's mother, and that the gift was accepted by the plaintiff.

In the same case it was *held*, that the plaintiff's wages, which were collected by the defendant's testatrix for a period of seven years with the declared purpose of holding them for the plaintiff, were impressed with a trust that was not terminated by their being deposited in the savings bank fund nor by their being mingled with other money of the defendant's testatrix.

BILL IN EQUITY, filed in the Superior Court on February 10, 1915, against the executor of the will of Mary Dignan, late of Boston, praying for an accounting by the defendant as executor for a fund held in trust by Mary Dignan for the benefit of and belonging to the plaintiff as stated in the opinion.

In the Superior Court the case was heard by *Wait*, J., the evidence having been taken by a commissioner appointed under Equity Rule 35, to which was annexed the deposition of Mrs. Rose Brown Snow. The judge made a memorandum of findings of fact and ordered a decree for the payment to the plaintiff of the amount of $1,088.39 withdrawn by the defendant's testatrix on March 20, 1890, of which $1,000 was immediately redeposited

by her in the Provident Institution for Savings, and also the amount of $700 of wages unexpended, held for the plaintiff Theresa; with interest on both amounts computed from March 20, 1890, at four and one half per cent per annum, compounding in the manner of savings bank deposits with semiannual rests on January 1 and July 1 of each year; and that the decree should be without costs to either party.

Later the judge made a final decree in accordance with this order, directing the payment by the defendant as executor of the will of Mary Dignan to the plaintiff of the sum of $5,388.67 with interest at the rate of six per cent per annum computed from February 10, 1915, the date of the filing of the bill, without costs to either party. The defendant appealed.

The case was submitted on briefs.

*C. Toye,* for the defendant.

*E. A. McLaughlin,* for a legatee under the will of Mary Dignan.

*J. H. Kenney & C. J. Martell,* for a devisee and for the residuary legatee under the will of Mary Dignan.

*S. L. Whipple, W. R. Sears & H. W. Ogden,* for the plaintiff.

PIERCE, J. Upon the testimony reported by the commissioner and the deposition of Mrs. Snow, after making due allowance for her manifestly somewhat impaired memory, we find and adopt the conclusions of fact found by the trial judge.

There is evidence that the testatrix, Mary Dignan, hereafter called the defendant, on April 8, 1874, deposited $200 in the Provident Institution for Savings in Boston in her name as trustee for Theresa Healey (the plaintiff) then seven years of age and living in Ireland; that this sum of $200 was money actually belonging to Theresa Healey having come from the estate of her deceased mother, Elizabeth Healey, who died in December, 1873, in Boston, intestate, the plaintiff being her sole heir at law and next of kin; that between April, 1874, and May, 1881, the time when the plaintiff came to this country, the defendant deposited in the trust account an additional sum of $350 to which was added the accumulated interest; that upon the plaintiff's arrival in this country she entered the service of a Mrs. Crombie, where the defendant was employed; that between May and October, 1881, the defendant showed the bank book to the plaintiff and told her that the money the plaintiff's mother had left was to be put in the bank

in trust for her; that the defendant collected wages earned by the plaintiff between 1882 and 1889, amounting to $1,190, stating that she was saving them for the plaintiff and "was putting it [them] with my mother's money so that I should have that" in trust; that of these wages the defendant deposited in the trust account the sum of $350 and mingled the balance, $700, with her own funds and never accounted for them; that thereafter the defendant frequently stated to the plaintiff that the wages which she received were being put in trust and saved for the plaintiff; that the defendant made like statements to Mrs. Snow, and stated to her attorney "that originally she had deposited a sum of money in that institution [the Provident Institution for Savings] in trust for her niece, Theresa Healey; that she went to the Provident Institution and told the receiving clerk that she desired to open an account; to have the use of that account during her lifetime; to add to it or withdraw from it, including the interest, and that after her death it was to go to her niece, Theresa Healey;" that on March 20, 1890, the defendant withdrew $1,088.39 then on deposit in the savings bank and immediately redeposited in the same bank in her own name $1,000; that there remained unexpended of the wages held for the plaintiff $700 in addition to the $1,088.39 withdrawn; and that the plaintiff had reason to believe and did believe the trust fund remained intact until after the death of the defendant.

The facts and the inferences of fact naturally to be drawn therefrom are sufficient to justify and require a ruling that the account in the savings bank became a completed gift in 1881 when the defendant made known to the plaintiff that the money first deposited in 1874 was money of the mother of the plaintiff, that the deposit in its form was in trust for the plaintiff, that the defendant stated that the plaintiff could have it if anything happened to the defendant and that it would be something that the plaintiff could always have. *Supple* v. *Suffolk Savings Bank,* 198 Mass. 393.

That the gift was then accepted may be inferred from the fact that a part of the deposit belonged originally to the plaintiff subject to the administration of the estate of the mother and that it was a benefit and not a burden to the plaintiff to receive it. *Gerrish* v. *New Bedford Institution for Savings,* 128 Mass. 159. *Alger* v. *North End Savings Bank,* 146 Mass. 418.

The wages of the plaintiff, collected by the defendant for a period of over seven years before 1890, under a declaration of purpose to conserve and care for them in the interest of the plaintiff, were impressed with a trust which was not divested upon their deposit in the savings bank fund or upon their being mingled with other moneys of the defendant. See *Jones* v. *McDermott,* 114 Mass. 400; *Campbell* v. *Whoriskey,* 170 Mass. 63; *Pierce* v. *Perry,* 189 Mass. 332, 335.

There was no error in the refusal to make the rulings and findings requested by the defendant. It follows that the decree of the court should be affirmed.

*Decree accordingly.*