IRVING L. JAMESON, executor, *vs.* FRANCIS G. HAYES, administrator.

Suffolk. October 23, 1924. — November 25, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Trust,* Of personal property. *Equity Pleading and Practice,* Master: duty under rule as to evidence, exceptions to report.

A master, to whom there had been referred a suit in equity "to hear the parties and their evidence and report his findings to the court together with such facts and questions of law as either party may request," should find the facts but should not report the evidence or parts of the evidence upon which such facts depend, for reëxamination by the court, for the sufficient reason that absence of sworn witnesses deprives the court of the power to evaluate the evidence in proportion to the credibility given such witnesses. Per PIERCE, J.

An exception to a conclusion of fact by a master, who heard a suit in equity and filed a report which did not contain a report of the evidence, will not be sustained where such conclusion was warranted by and was not inconsistent with other facts found by the master, although instead of the conclusion reached by the master a conclusion sought by the excepting party apparently would have been warranted on the facts reported.

An exception to the admission of certain evidence by a master hearing a suit in equity will not be sustained where the master states in his report that he considered the case wholly independently of such evidence.

Where, at the hearing of a suit in equity against an administrator for an accounting as to moneys alleged to have been placed by the plaintiff with the defendant's intestate for safe keeping and investment, there was evidence to substantiate the allegations of the bill and no evidence that the defendant's intestate ever had repudiated the trust, it is proper to refuse requests by the defendant for rulings relating to the applicability of the statute of limitations to the facts found by the master.

BILL IN EQUITY, filed in the Superior Court on January 6, 1922, by Mary A. Ropes, seeking an accounting as to moneys alleged to have been placed by her in the hands of George D. Shattuck, the defendant's intestate, for safe keeping and investment.

The suit was referred to a master. Material findings by the master are described in the opinion.

After the filing of the master's report, the plaintiff died and the executor of her will was admitted as a party plaintiff to prosecute the suit.

The defendant filed the following exceptions to the master's report:

"1. Because the master finds, upon the evidence and facts stated in his report, that the plaintiff intrusted to George D. Shattuck, the defendant's intestate, divers moneys to be by him kept and invested for her and to be returned to her, and that the total of such moneys over and above such moneys as George D. Shattuck paid to her from time to time, amounted to not less than the sum of $3,000.

"2. Because the finding of the master as to the amount of money which the plaintiff intrusted to the defendant's intestate is based entirely upon the following evidence set forth in his report: 'Miss Ropes kept no account of the moneys which she says she intrusted to Mr. Shattuck at different times. She kept no account of the moneys which she says he handed to her at different times, nor of the moneys which he in fact did send to her at different times. She was unable to state, even approximately, how much money, in all, she, as she says, intrusted to him. All that she could, and did, say upon this point was that Mr. Shattuck told her upon some occasion not identified as to time, that she had over $3,000 in his hands.'

"3. Because the master finds, upon the evidence and facts stated in his report, that the estate of said George D. Shattuck is indebted to the plaintiff in the sum of $3,000 with interest thereon from the date of the filing of the bill.

"4. Because the master, against the objection of the defendant, permitted the plaintiff to testify that, during the lifetime of George D. Shattuck, she told one Mrs. Chappelle and one Mrs. Isbister that George D. Shattuck had money of hers in his hands which he was taking care of for her.

"5. Because the master, against the objection of the defendant, permitted said Mrs. Chappelle to testify that the plaintiff called upon her, in the company of Joseph Shattuck's daughter Amy, in the year 1908 and that upon that occasion the plaintiff told the witness that George D. Shat-

tuck had money belonging to the plaintiff; and that the plaintiff had made the same statement to the witness at many different times.

"6. Because the master, against the objection of the defendant, permitted said Mrs. Isbister to testify that as far back as 1908 or 1910 upon an occasion when George D. Shattuck called upon the plaintiff at Mrs. Isbister's house and was admitted by Mrs. Isbister, and after Mr. Shattuck had gone, the plaintiff told the witness that Mr. Shattuck was the gentleman who had her money invested for her."

The suit was heard upon the master's report by *Morton,* J. The defendant asked for the following rulings of law:

"1. Upon the facts found and evidence set forth by the master, the plaintiff's cause of action did not arise within six years prior to the beginning of this suit.

"2. Upon the facts found and evidence set forth by the master, there was no express trust relation between the plaintiff and the defendant's intestate.

"3. Upon the facts found and evidence set forth by the master, the liability of the defendant's intestate to the plaintiff grows out of an implied or constructive obligation to which the statute of limitations is applicable.

"4. Upon the facts found and evidence set forth by the master, there is nothing to prevent the running of the statute of limitations and the statute is a bar to the plaintiff's cause of action."

The rulings were refused. By order of the judge, there was entered an interlocutory decree overruling the defendant's exceptions to the master's report and confirming the report; and the judge then reported the suit to this court for determination.

*R. T. Parke,* for the plaintiff.

*J. M. Maloney,* for the defendant.

PIERCE, J. This is a suit in equity in which the plaintiff's testatrix sought an accounting from the defendant, as the administrator of the estate of George D. Shattuck, for an unstated sum of money, alleged to have been entrusted by her, at divers times, to George D. Shattuck for safe-keeping and investment.

The bill charged in substance that the said George D. Shattuck accepted said sums of money from the testatrix with promises to keep and invest the same for her sole use and benefit; that from time to time at her request during the last years of his life (he died May 24, 1921), George D. Shattuck paid the testatrix sums of money as being and as representing income in his hands of and from the sums entrusted by her to him; that she relied wholly upon the said George D. Shattuck to keep the accounts of the moneys entrusted to him as aforesaid and of the income therefrom and of the payments made by him to her therefrom; and that by reason of her reliance upon him, she is unable to state the exact amount of money which she entrusted to him or the amount of property or money which she is entitled to receive from him or from his estate. The bill further charges that at the time of his death the said George D. Shattuck held substantial amounts of money or other property upon the aforesaid trust for the use and benefit of the testatrix; that after his death and after the qualification of the defendant, Francis G. Hayes, as the administrator of his estate, she requested the defendant Hayes, as such administrator, to render to her an accounting of the moneys which she as aforesaid says she entrusted to said George D. Shattuck; that the defendant Hayes denies that the plaintiff ever entrusted any moneys to said George D. Shattuck, and denies that Hayes, as such administrator, has or ever had in his hands or possession any moneys or property equitably belonging to the plaintiff; and that he refuses to render an accounting or pay anything to the plaintiff.

In the bill the testatrix in substance prayed that the court order that the defendant administrator render to the testatrix an accounting of and concerning the sums of money which she entrusted as aforesaid to said Shattuck; of the amounts paid to the testatrix on account thereof by the said Shattuck; and of the amount of money or other property which the testatrix is, upon such accounting, entitled to be paid out of the Shattuck estate. And further, if it shall appear that the said Shattuck did not keep separate and apart from his own properties the moneys entrusted to him

by the testatrix, or the investments thereof, that the court establish the amount of money which she is entitled to receive out of his estate by reason of the matters and things alleged.

The defendant admitted that George D. Shattuck died on May 24, 1921; that he (the defendant) was appointed administrator of said Shattuck's estate on June 16, 1921; and that the testatrix demanded an accounting, as alleged in the bill; but he denied that said testatrix ever entrusted any money to his intestate; denied that he, as such administrator, has ever had in his hands or possession any property or funds equitably belonging to her, and he refused to render to her any accounting or to pay anything on account of her said claim.

The answer also set up special matter, and claimed the same benefit therefrom as if the defendant had pleaded or demurred to the bill, to the effect that the plaintiff was not entitled to any relief in equity; that the plaintiff had a plain, adequate and complete remedy at law; that the plaintiff did not set forth with sufficient certainty the dates or amounts of payments alleged to have been made to the defendant's intestate for investment; that it appeared from the bill that the plaintiff had been guilty of laches; that the " cause of action, if any, therein set forth did not accrue within six years prior to the death of the plaintiff's intestate, so far as the bill alleges payments made to said intestate more than six years prior to . . . [Shattuck's] death." An order not appealed from was made on April 4, 1922, overruling the special matter by way of plea or demurrer. The defendant was allowed to amend his answer by the allegation " that the cause of action set forth in the bill of complaint did not arise within six years prior to the beginning of this suit."

The case was then referred to a master " to hear the parties and their evidence and report his findings to the court together with such facts and questions of law as either party may request." The master heard the parties and, notwithstanding the rule, has woven into the report some statements of evidence which he thought desirable to report in the interest of both parties. The authority of the master is measured by the terms of the rule, and his action in the

present case should not be taken as a precedent for like discretionary action in other hearings. He should find the facts and not report the evidence or parts of the evidence upon which such facts depend, for reëxamination by the court, for the sufficient reason that absence of sworn witnesses deprives the court of the power to evaluate the evidence in proportion to the credibility given such witnesses. *Bradley* v. *Borden,* 223 Mass. 575, 586.

With manifestly scrupulous care the master looked into the personality and the character of Miss Ropes and of George D. Shattuck and considered their relation to each other in the light of such examination. The facts obtained and the inferences drawn by the master are set forth in the report with great detail. He estimates the doubt cast upon Miss Ropes' claim by the consideration of Mr. Shattuck's character, of his careful business methods, by the evidence tending to show that at his death he had no property other than such as he derived from his father's estate; that he, a methodical man and a man of reputed high character, left behind him no trace of his having received any money from Miss Ropes, which fact is perhaps counterbalanced by the fact that he left behind him among his own papers no trace that he ever paid any money to Miss Ropes, as in fact he did. Despite the general character of Miss Ropes' testimony set out in the report, the master found that he " was perfectly satisfied that she was telling the truth, or thought that she was telling the truth, in saying that she entrusted moneys to George D. Shattuck . . . I believed Miss Ropes' testimony that she entrusted moneys to George D. Shattuck to keep and invest for her." In conclusion the master sums up as follows: " Upon the evidence and facts stated in my report I find as facts that the plaintiff, Miss Ropes, entrusted to George D. Shattuck, the respondent's intestate, divers moneys to be by him kept and invested for her and to be returned to her, and that the total of such moneys, over and above such moneys as said George D. Shattuck paid to her from time to time, amounted to not less than the sum of $3,000; and that the estate of said George D. Shattuck is indebted to the plaintiff Mary A.

Ropes in the sum of $3,000, together with interest thereon from the date of the filing of the bill of complaint."

The defendant filed six exceptions based upon a like number of objections duly taken to the master's report. These exceptions were overruled and the master's report was confirmed. At the hearing upon the master's report the defendant filed certain requests for rulings of law, which were denied. An interlocutory decree was entered overruling said exceptions and confirming the master's report. The defendant duly appealed. The questions raised by the requests for rulings of law are reported in place of a bill of exceptions, which was duly filed, but was waived upon the understanding that the trial judge would report such questions of law to the full court.

The exceptions to the master's report numbered 1, 2 and 3 must be overruled. In support of them the defendant directs attention specifically to parts of the reported testimony, and contends that the conclusions of fact found by the master are plainly wrong on the facts and evidence reported by him. A careful examination of the reported facts and evidence leads us to the conclusion that, while the master could properly have found upon each issue as the defendant contends, it can not reasonably be said that it was improper for him to reach the result which he in fact did. The exceptions numbered 4, 5 and 6 relate to the admission of testimony of witnesses that Miss Ropes in 1908 or 1910 had stated in various forms of words that George D. Shattuck had money of hers in his hands which he was taking care of for her. The master admitted the testimony to meet a contention, which articulately had not then been made, that the claim of Miss Ropes was a matter of recent fabrication. Whether in the circumstances it was error to admit this testimony is not considered, because it became harmless when the master as he says considered the case wholly independently of the statements of Miss Ropes to the witnesses Mrs. Chappelle and Mrs. Isbister. In a word, he instructed himself to disregard that part of the evidence. The refusals to give the requested rulings of law were right; they relate to the applicability of the statute of limitations to the facts

as found by the master.' Such facts establish an express trust and there is no evidence to warrant a finding or inference that Shattuck ever repudiated the trust. *Campbell* v. *Whoriskey*, 170 Mass. 63. *Moore* v. *O'Hare*, 224 Mass 283, 286. *Young* v. *Walker*, 224 Mass. 491, 493.

It results that a decree should be entered establishing the trust and ordering the defendant to pay $3,000, and interest from January 6, 1922, to Irving L. Jameson, executor of the will of Mary A. Ropes.

*Decree accordingly.*