GEORGE W. KENTFIELD, administrator, *vs.* SHELBURNE
FALLS SAVINGS BANK, CHARLES E. VAN, claimant.

Franklin.    September 17, 1930. — January 5, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Savings Bank,* Joint account.    *Contract,* What constitutes.    *Joint Tenants
and Tenants in Common.*

A woman owning a deposit in a savings bank directed the bank in writing
"to add to my account and bank book" the name of a certain man
"so that all the moneys now due or that may hereafter become due
. . . on said account . . . shall be payable either to" her or the man
or the survivor. She told the bank to allow the man to draw on the
account. Shortly thereafter she informed the man of what she had
done. The bank book remained in the possession of the bank. Sev-
eral deposits thereafter were made in the account and subsequently
the woman died. The man did not sign a deposit slip or identification
card at the bank. *Held,* that
  (1) A conclusion was warranted that there was a completed con-
tract between the bank and the woman by virtue of which the man
became entitled to the balance of the deposit on the death of the
woman;
  (2) An inference was proper that the man accepted the deposit
when the woman informed him of it;
  (3) The failure of the man to sign a deposit slip or identification
card at the bank did not affect his right to the deposit if the intent
of the parties was otherwise definite and certain;
  (4) There was nothing to show that the woman intended to limit
the ownership of the joint deposit to the amount on deposit when
she made the change in the account;
  (5) The man was entitled to the entire balance remaining at the
woman's death.

CONTRACT.    Writ dated August 3, 1928.

In the Superior Court, Charles E. Van intervened as
claimant. The action was tried before *Hanify,* J. Material
evidence is stated in the opinion. The judge denied a
motion by plaintiff that a verdict be ordered in his favor
and refused the following rulings requested by the plaintiff:

"That the claimant, Charles E. Van, is not entitled to
recover.

"That upon all the evidence the claimant, Charles E. Van, has failed to establish a legal gift from the intestate to the claimant.

"That on the evidence the jury must find that as to the moneys deposited after April 14, 1925, the date when the name of Charlie Van was added to said account, that there could be no gift because the claimant, Van, knew nothing of said moneys and the deceased did not communicate to the claimant, Van, that said deposits were made on said account."

The jury found for the claimant in the sum of $1,654.17. The plaintiff alleged exceptions.

*W. A. Davenport,* (*W. L. Davenport* with him,) for the plaintiff.

*H. Sherman,* for the claimant.

CROSBY, J. This is an action of contract to recover the amount of a deposit in the defendant bank which the plaintiff contended was the property of Martha M. Dix, his intestate, prior to her decease. Charles E. Van appeared as a claimant of the deposit. At the trial in the Superior Court with a jury the following instrument was admitted in evidence: "Shelburne Falls, Mass., April 14, 1925. Treasurer of Shelburne Falls Savings Bank, You are hereby authorized and directed to add to my account and bank book No. 91 the name of Charlie Van so that all the moneys now due or that may hereafter become due either as principal or interest on said account and bank book shall be payable either to myself or the said Charlie Van or the survivor. Martha M. Dix Witness: N. M. Russell." The case is before this court on the plaintiff's exceptions to the admission of certain evidence, and to the refusals of the judge to direct a verdict for the plaintiff and to make certain requested rulings.

There was evidence from which the jury could have found the following facts: The intestate went to the defendant bank on April 14, 1925, and requested that a deposit standing in her name be changed to a joint deposit in the name of Charles E. Van and herself so that either of them could draw it. This was done, and she

signed the instrument above referred to and told the bank to allow the claimant to draw on the account. She left the deposit book with the bank, where it has since remained. At some time later in the month of April, 1925, the intestate called at the home of the claimant and informed him that she had been to the bank and had placed the deposit in their joint names; that if he wanted a part or the whole of the money he could draw it at any time. He made no attempt to draw any of the deposit until after Mrs. Dix's death. Five deposits, together amounting to $192.35, were made subsequently to April 14, 1925, and credited on the same book.

On the facts above recited the jury would have been warranted in finding that there was a completed contract between the bank and Martha M. Dix by virtue of which the claimant became entitled to the balance of this deposit on the death of Mrs. Dix. *Chippendale* v. *North Adams Savings Bank,* 222 Mass. 499. *Battles* v. *Millbury Savings Bank,* 250 Mass. 180, 188. *Perry* v. *Leveroni,* 252 Mass. 390, 393. It might properly be inferred that the claimant accepted the deposit when the intestate informed him of it. *Gerrish* v. *New Bedford Institution for Savings,* 128 Mass. 159, 163, 164. *Alger* v. *North End Savings Bank,* 146 Mass. 418, 423. *Moore* v. *O'Hare,* 224 Mass. 283, 285. The failure of the claimant to sign a deposit slip or identification card at the bank does not affect his right to the deposit if the intent of the parties is otherwise definite and certain. *Perry* v. *Leveroni, supra. Brodrick* v. *O'Connor,* 271 Mass. 240, 246. It follows that upon the death of Mrs. Dix all her interest in the amount of the deposits ceased and became vested in the claimant.

The question remains whether the five deposits made subsequently to April 14, 1925, belong to the claimant. They were deposited by an agent of Mrs. Dix by her direction. It is the contention of the plaintiff that, if he is not entitled to the entire amount of the deposit, these five deposits did not pass to the claimant upon the death of Mrs. Dix, but belong to her estate. There is nothing

in the record to indicate that when she directed the bank to add the name of the claimant to her bank book she intended to limit the ownership of the joint deposit to the amount then deposited. So to hold would be contrary to the express terms of the instrument above referred to which described the deposit as "all the moneys now due or that may hereafter become due either as principal or interest on said account and bank book." It is plain that, if the claimant survived Mrs. Dix, the entire balance of the deposit would belong to him.

What we have said disposes of all the exceptions argued by the plaintiff; the others are treated as waived.

*Exceptions overruled.*