MEGERDICH BEDIRIAN *vs.* PHILIP M. ZORIAN.

Essex.     March 7, 1933. — June 27, 1934.

Present: RUGG, C.J., WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Contract*, Implied.     *Gift.     Bank and Banking*, Joint account.

Evidence, at the trial of an action against the plaintiff's nephew to recover money alleged to have been lent him, warranted a finding of the following facts: the plaintiff established with his own funds in a savings bank a joint account in the name of himself and the defendant, "either to draw or the survivor," and an agreement in writing to that effect was made with the bank. At that time the plaintiff said to the defendant, "When I die you take my money and pay my funeral expenses." At a time when the account exceeded $5,000 the defendant asked the plaintiff for a loan of that amount, suggested that such amount be withdrawn from the joint account, promised to pay the plaintiff five per cent interest on the loan every six months, and said that he would repay the $5,000 whenever the plaintiff wanted it. The plaintiff assented. At the bank a suggestion of its officer, that, because the withdrawal at that time would result in loss of a dividend presently to accrue, there should not be an immediate withdrawal but that the bank should lend the money until the next dividend date, was adopted, both parties signing a note to the bank but, by direction of the plaintiff, the bank's check being made payable to the defendant. The defendant afterwards refused to pay interest or principal to the plaintiff. The defendant introduced evidence that, at the time the joint account was established, the plaintiff handed the bank book to the defendant and said that he gave it to him; and the defendant

contended that the plaintiff had made to him a gift of the entire deposit. The jury found for the plaintiff. The defendant alleged exceptions. *Held*, that

(1) The evidence warranted either findings that the withdrawal of the sum of $5,000 was actually made by the plaintiff and not by the defendant and that upon withdrawal by the plaintiff the money became his sole property, or a finding that the sum of $5,000 was withdrawn from the joint fund and by agreement of the parties became the money of the plaintiff upon withdrawal, however that was effected;

(2) It was proper to refuse a request by the defendant for a ruling that, if "the defendant drew money out from the bank the plaintiff cannot recover";

(3) A further finding was warranted that the plaintiff made a loan which the defendant was obligated to repay;

(4) There was no error in instructions given, in substance that, in the circumstances, in order to constitute a gift of the deposit itself to the defendant, it must be found that there was a delivery of the bank book to him with intent to relinquish all rights therein;

(5) It was proper to refuse a request by the defendant for an instruction that, "If the plaintiff put title to the deposit in the defendant as joint tenant then he made a completed gift."

CONTRACT. Writ dated March 9, 1928.

In the Superior Court, the action was tried before *Collins*, J. Material evidence, and rulings and instructions by the trial judge, are described in the opinion. There was a verdict for the plaintiff in the sum of $6,059.60. The defendant alleged exceptions.

*P. A. Kiely*, for the defendant.

*M. L. Glazer*, for the plaintiff, submitted a brief.

DONAHUE, J. The plaintiff has brought an action of contract against his nephew, the defendant, to recover the sum of $5,000 which the declaration alleges was loaned by the plaintiff to the defendant. A jury returned a verdict for the plaintiff. The defendant's bill of exceptions presents his exceptions to the refusal of the trial judge to give certain requests for rulings, to the denial of his motion for a directed verdict, and to portions of the judge's charge.

Viewed most favorably to the plaintiff the evidence may be summarized as follows: The plaintiff in 1923 deposited in a savings bank $2,000 of his own money in his own name as "Trustee for . . . [the defendant], in case of death of Trustee amount to be paid to the beneficiary" and said to the defendant: "When I . . . die you take the bank book."

In 1924 the plaintiff made from his own funds a further deposit of $2,561.15 in that account. Shortly afterwards the account was changed to a joint account in the names of the plaintiff and defendant "either to draw or the survivor" and a written agreement to the same effect was made by the parties with the bank. At that time the plaintiff said to the defendant, "When I die you take my money and pay my funeral expenses." On May 1, 1927, there having been no further deposits made and no withdrawals therefrom, there was by reason of interest accumulations, over $5,000 in the account. About that time the defendant asked the plaintiff for a loan of $5,000, suggested that such amount be withdrawn from the joint account, promised to pay the plaintiff five per cent interest on the loan every six months, and said he would repay the $5,000 whenever the plaintiff .wanted it. To this the plaintiff agreed and the two went together to the bank where a clerk suggested that, instead of withdrawing the sum of $5,000 on that day and thus losing the May dividend, that amount be borrowed from the bank until the next dividend day. This was done and both signed a note to the bank. The plaintiff directed that the bank's check be made payable to the defendant and handed it to him. Some months later the plaintiff asked the defendant for interest on the loan and the defendant said that "the year was not up yet." Still later he asked the defendant for the payment of the $5,000 but payment has never been made.

The jury was warranted in finding that the rights of the parties in the deposit were only those fixed by the terms of the contract of deposit made with the bank and that there was not, as the defendant contended, also a gift to him of the deposit itself as distinguished from a gift of an interest in the deposit by virtue of the contractual right against the bank given him by the agreement of deposit (see *Chippendale* v. *North Adams Savings Bank*, 222 Mass. 499). The contract creating the joint account gave each party the right to withdraw any part or even the whole of the deposit. It might have been found that the withdrawal of the sum of $5,000 was actually made by the

plaintiff and not by the defendant and that upon with-
drawal by the plaintiff that money became his sole prop-
erty; or it might have been found that the sum of $5,000
was withdrawn from the joint fund and by agreement of the
parties became upon withdrawal, however that was ef-
fected, the money of the plaintiff. In any event there was
ample evidence to justify the finding that there was a loan
made by the plaintiff which the defendant was obligated
to repay. The defendant's motion for a directed verdict
and his request that if "the defendant drew money out
from the bank the plaintiff cannot recover" were rightly
denied.

The defendant at the trial among other things contended
that he had a greater right in the deposit than that given
him by the terms of the agreement of deposit which the
parties made with the bank. This contention was based
on his testimony that after the original deposit in 1923 in
the name of the plaintiff as trustee for the defendant and
after the deposit in 1924 on a joint account, on each occa-
sion the plaintiff handed the defendant the bank book and
said in substance that he gave it to the defendant. The
plaintiff did not admit this; his conduct throughout as well
as certain conduct of the defendant negatived it, but this
testimony presented a question of fact for the jury and
afforded the defendant a basis, if he were believed, for the
contention that there had been a gift to him of the entire
deposit freed from the rights of the plaintiff under the
terms of the agreement of deposit. It required the judge to
instruct the jury as to the circumstances in which a gift of
the deposit in the joint account might be found. The de-
fendant's counsel at the close of the judge's charge stated
that he took exception to the portions thereof where the
judge said that "the delivery of the joint account was neces-
sary to make a gift" and "there was no gift if there was no
delivery of the joint account bank book." The record,
which purports to contain the entire charge, does not show
that this language was used by the judge and it is not very
clear as to what part of the charge it was intended to take
an exception. Assuming it to have been the scattered

portions of the charge collated and printed in the defendant's brief we find no error. In substance the judge instructed the jury that there might be a gift of a deposit which was on a joint account by one of the parties to the other; that although the mere deposit of money in the names of two persons on terms which did not make it payable to either or the survivor where the donor retained dominion of the funds did not constitute a valid gift, where there was a deposit on joint account as in the present case if there was a delivery of the bank book in the circumstances claimed by the defendant with the understanding that the plaintiff intended the delivery of the bank book as a final act for the benefit of the defendant there was a completed gift of the deposit and if there were such a gift the plaintiff could not recover in this action; that if there had been no delivery of the book, as the defendant testified there was, or if the book was delivered but only for the purpose of custody with no intention that the plaintiff's rights under the joint account were to be relinquished there was not a completed gift of the entire deposit. There was no error in the instructions given that in order to constitute a gift of the deposit itself, it must be found that there was a delivery of the book. A gift of personal property cannot be made by mere words of giving, *Cardoza* v. *Leveroni*, 233 Mass. 310, 313, and "title to personal property does not pass by gift unless the donor makes an actual or symbolic delivery of the property to the donee." *Mulloy* v. *Charlestown Five Cents Savings Bank*, 285 Mass. 101, 105. In the absence of a delivery of the bank book, actual or symbolic, no completed gift of the deposit could here be found.

The defendant in support of his contention that there was "a completed gift . . . of the joint account" relies on *Kentfield* v. *Shelburne Falls Savings Bank*, 273 Mass. 548; *Chase* v. *Smith*, 257 Mass. 252; *Battles* v. *Millbury Savings Bank*, 250 Mass. 180. These cases hold that where by the terms of a contract of deposit on a joint account made with a bank one is given a joint interest in a deposit, it is not essential that there be a delivery of the bank book. They do not support the contention that there may be a gift of

the deposit itself without a delivery of the book. In cases where the right asserted rests not upon donative words or acts of the donor but upon the construction of the words of the contract creating a joint deposit, possession of the bank book, while competent evidence bearing on the matter of intention, is not a controlling factor. *Holyoke National Bank* v. *Bailey,* 273 Mass. 551, 555. *Splaine* v. *Morrissey,* 282 Mass. 217, 221.

There was no error in the refusal to give the defendant's request for the instruction that "If the plaintiff put title to the deposit in the defendant as joint tenant then he made a completed gift." If this means a gift of the deposit itself it is not true because like any gift that could not be completed without a delivery. If it is to be taken to mean a gift of rights as coöwner by virtue of the contract creating the joint account, "The mere form of the instrument of deposit does not settle the matter," *McKenna* v. *McKenna,* 260 Mass. 481, 484, without regard to the question of intention.

*Exceptions overruled.*