Pettingell, J.
The plaintiff, a brother of the defendant’s testatrix, caused to be sent to her annually certain portions of his income. He now brings this action of contract to recover the amounts so sent to her from January, 1922, to November, 1934. There are three counts in the declaration but the plaintiff now relies on only one, the *77 first, for money had and received. The defendant’s answer is a general denial and the Statute of Limitations.
At the proper time the defendant requested three rulings, as follows:
(1) The count for money had and received does not lie for the recovery by a plaintiff of gifts of money made from the plaintiff to the defendant.
The trial judge granted this request but with the following comment:
“However, I find as a fact that the sums of money which the plaintiff sent, or caused to be sent, to the defendant’s testatrix, did not constitute gifts nor were they accepted as gifts by the defendant’s testatrix.”
(2) The Statute of Limitations is a complete bar to the plaintiff’s recovery of any sums advanced more than six years prior to the date of the plaintiff’s writ.
This request was denied by the trial judge who made the following finding of fact as a part of his denial:
“On all the evidence, I find that the plaintiff sent, or caused to be sent, to the defendant’s testatrix the several sums of money set forth in the schedule annexed to the plaintiff’s declaration, which represented a share of the dividends due to the plaintiff and declared by a corporation in which both the plaintiff and defendant’s testatrix were stockholders, upon the following written statement and representation of the defendant’s testatrix: ‘ Thank you for the money which you give me. It is taken care of. If you ever need your share don’t hesitate to say so and it shall be paid to you’; that the plaintiff sent, or caused to be sent, the sums of money because the defendant’s testatrix wrongfully and fraudulently led the plaintiff to believe that she was in need of funds for her comfortable maintenance during the period in which the said sums of money were received by the defendant’s testatrix; *78 that the sums of money were not sent by the plaintiff or accepted by the defendant’s testatrix as gifts; that the plaintiff sent, or caused to be sent, the said sums of money to the defendant’s testatrix in reliance upon her promise to take care of the money and to return it to him whenever he needed it upon his request or demand. In view of the above findings of fact, I rule that the plaintiff’s cause of action did not accrue, and that the Statute of Limitations did not commence to run, until the plaintiff was in need of the said sums of money and made a demand thereof, both of which events occurred within six years from the date of the plaintiff’s writ.”
(3) Upon the plaintiff’s own evidence, namely, — that the money he here seeks to recover was gifts made by him to the defendant’s testatrix, without her request, and without any expectation on the part of the plaintiff that they would be repaid, without any demand on the part of the plaintiff against said decedent for repayment, and with no other undertaking on the part of the defendant’s testatrix than the excerpt from her letter dated 17th July, 1921, addressed to the plaintiff, —‘ ‘ Thank you for the money which you give me. It is taken care of. If you ever need your share do not hesitate to say so and it shall be paid to you”; that when the plaintiff ceased making the gifts in 1934, he did so not because he needed the dividends which theretofore had constituted the gifts, but because he then wanted them to accumulate a fund out of which to pay for a Memorial to his long-deceased father; that he brought suit only because in 1938, he discovered an account book which belonged to the defendant’s testatrix in 1929, from which plaintiff discovered that said testatrix in 1929 had assets which aggregated some $50,000; that the plaintiff is not entitled to recover upon any of the counts of the declaration in suit.
This request was disposed of by the trial judge as follows: “Denied.. I do not find the facts embodied in this request.” There was a finding for the plaintiff.
*79 The defendant’s contentions are threefold, that the plaintiff was not entitled to recover on a count for money had and received; that the statute of limitations is a bar; that there are inconsistencies in the findings of the trial judge which require a new trial.
Taking up the last contention first, it does not appear from an examination of the report that the defendant has any standing to raise the issue of inconsistencies in the findings. There is nothing in the report to show that in any way, after the finding, the attention of the trial judge was directed to the alleged inconsistencies, or that any steps were taken in the district court to have the alleged error corrected. This could have been done by a motion for the correction of the inconsistencies, DiLorenzo v. Atlantic National Bank, 278 Mass. 321, at 324; or by a motion for a new trial based upon the presence of the inconsistencies, Duralith Corp. v. Leonard, 274 Mass. 397, at 401. Korb v. Albany Carpet Cleaning Co., 301 Mass. 317, at 318. The defendant is not entitled to raise such an issue for the first time in an appellate tribunal. Duralith Corp. v. Leonard, 274 Mass. 397, at 401.
The other contentions of the defendant center around his attack upon the findings of fact made by the trial judge, “that . . . the money which the plaintiff sent . . . did not constitute gifts nor were they accepted as gifts . . ..” and that the testatrix “wrongfully and fraudulently led the plaintiff to believe that she was in need of funds for her comfortable maintenance during the period in which the said sums of money were received by the defendant’s testatrix.” His first move against these findings is by way of a claim that there is no evidence in the report which warrants such findings. Neither is there in the report any *80 thing which shows that the defendant raised this issue in the District Court, or that the trial judge has reported it. No one of the three rulings requested by the defendant raises any issues of the sufficiency of the evidence to warrant these findings. The report does not state that it contains all the evidence in the case, but that it contains “all of the evidence material to the questions reported.” Unless the attention of the trial judge is directed by an appropriate request for a ruling to the issue whether the evidence warrants a particular finding, there is no reason for him to report evidence on that issue.
“When the judge acts in the place of judge and jury, as in the present ease, his consideration of the case upon the facts and his finding may likewise involve a ruling of law that such a finding is warranted by the evidence. But a party wishing to raise the question whether such a finding is warranted by the evidence must request a ruling at the trial, before the judge takes the case under consideration on the facts; and within such time as may be prescribed by the rule . . . and cannot raise the question by an exception to the general finding or decision taken after it is made.” Stowell v. H. P. Hood & Sons, Inc., 288 Mass. 555, at 556, 557.
"The defendant argues that the findings made upon which the refusals rested were not sustained by the evidence; but as no requests proper to raise the questian of the sufficiency of the evidence were presented, the right so to argue was not open.” Segal v. Allied Mutual Liability Ins. Co., 285 Mass. 106, at 109.
“No requests for rulings are printed in the record or are before us. If a party wishes to save a question of law upon the evidence, he must do so prior to the end of the trial. It cannot be raised for the first time after the decision is made. It is then too late to except to a finding." Lender v. London, 286 Mass. 45, at 47.
*81 “The defendant argues that some of the special findings made by the trial judge are not supported by the evidence. That question is not reported. Hence, it is not open to the defendant and cannot be considered. . . . Moreover, there is no statement that the evidence bearing on those findings is reported.” Aluminum Products Co. v. Regal Apparel Co., 296 Mass. 84, at 87.
“The attempt made by the defendant to except to findings of particular facts after they were made, on the ground that the evidence did not warrant the findings, was as ineffectual as an attempt to except to a general finding would have been.” Ross v. Colonial Provision Co. Inc., 299 Mass. 39, at 41.
See, also, Keohane, Petr., 179 Mass. 69, at 72, 73. Richards v. Appley, 187 Mass. 521, at 523. Manning v. Anthony, 208 Mass. 399, at 404. Reid v. Doherty, 273 Mass. 388, at 389, 390. Parker v. Levin, 285 Mass. 125, at 129. Leshefsky v. American Employers Ins. Co., 293 Mass. 164, at 166, 167. Baker v. Davis, 299 Mass. 345, at 348.
There is nothing in the report which shows that the trial judge intended to report, or did report, any issue of the sufficiency of the evidence to warrant the subsidiary findings made by him. We cannot say, therefore, that there was not other evidence which might have supported the findings and is not reported. On the authority of the cases cited, we are of opinion that the defendant has no standing to attack the subsidiary findings in question.
There is evidence reported, however, that as early as 1916, the plaintiff believed that the defendant’s testatrix, his sister, was in need and that in 1918 he began to send her money. On July 17, 1921, she wrote him, “Thank you for the money you give me. It is taken care of. If you ever need your share don’t hesitate to say so and it shall be paid to you.”
*82 This letter must be interpreted according to certain known facts. What the plaintiff was sending to his sister was one-half of specific income. It is now a known fact, not then known by the plaintiff but later ascertained by him, that the defendant’s testatrix was not in need, that she, while receiving the plaintiff’s money, had property valued at $50,000.
It is easily inferable from these facts that the sister was not dealing fairly with the plaintiff, that she was receiving his charity but was concealing from him her true financial condition. The words in her letter, referring to the money sent, “It is taken care of. If you ever need your share . . . it shall be paid to you.”, conceivably may mean that “the share of your income which you have been sending me is being set aside and is available whenever you need it.” In other words, the money sent by the plaintiff after the receipt of this letter, which is what he is attempting to recover in this action, may have been intended by him as a contribution to a fund for his sister’s protection, title to which, however, remained in him, with a right to call upon it for his own use in case of his need. In 1934, the plaintiff discontinued his contribution. Subsequently he ascertained facts which induced him to believe that his sister had never been in need, and that she had taken advantage of his belief that she was in need.
The mere sending of money by the plaintiff, to assure his sister of adequate support, did not, after the letter of July 17, 1921, make his contributions gifts in the sense that the money became hers outright. The plaintiff in sending the money did not have an intention to make absolute gifts of it. Intention to make a gift is essential to its completion and validity. Scott v. Berkshire County Savings Bank, 140 Mass. 157, at 165. Cooley v. Cooley, 172 Mass. 476, at 478. *83 Powell v. Powell, 260 Mass. 505, at 509. The trial judge’s finding, that the plaintiff did not intend to make a gift of the money, was a finding of fact.
The next question is, what relation was created between the plaintiff and the defendant’s testatrix by the plaintiff’s continued contributions.. The trial judge found specifically that, induced by his sister’s wrongful and fraudulent statements regarding her need of support, the plaintiff sent her money, not as gifts, but “in reliance upon her promise to take care of the money and to return it to him whenever he needed it upon his request or demand.”
In Goldstein v. Randolph, 293 Mass. 253, at 258, the facts were that the plaintiff was “led innocently to believe that such transfer (of his interest in an account) was necessary in order at some future time to assert his rights and did not intend to transfer them permanently or to waive or surrender his rights” to the property. The court said, at page 258,
“In these circumstances the estate of the deceased, represented by the defendants as executors, even though fraud by them or by their counsel in obtaining the transfer is not shown, took legal title to the account by such transfer for the purpose for which the transfer was made and not beneficially . . .. The defendants, as executors, became trustees of the account for the plaintiff with an implied obligation by way of resulting trust ... to retransfer such account to him, the beneficial owner thereof, when retention of title to the account was no longer required for the purpose for which the transfer by him was made. . . . Rightly no contention is made that retention of title to the account is any longer necessary for the purpose for which the transfer was made by the plaintiff, or, indeed, that the transfer itself was necessary for that purpose. The plaintiff, therefore, is entitled to a decree for the retransfer of the account by the de *84 fendants. . . . This is true though there is no finding of demand by the plaintiff for a retransfer or of repudiation of the trust by the defendants. . . . The obligation of the defendants to retransfer the account arose out of the circumstances of the transfer by the plaintiff.”
In the case at bar, the plaintiff’s right to recover is stronger than in the cited case because there was a finding of fraudulent representations by the defendant’s testatrix which induced the plaintiff to make the contributions. In all other aspects the two cases are identical on the facts. In the instant case, the defendant’s testatrix took the money as a trustee under a resulting trust, and the defendant, her executor, holds it on the same trust. The retention of title to the money is no longer required for the purpose for which the contributions were made and the plaintiff is entitled to the return of his money. In this case, as in the case cited, there was no consideration moving to the plaintiff for the money contributed by him. The fraud found by the trial judge in inducing the contributions ceases to be a factor after the contributions were made. What is important is that the defendant’s testatrix took the money under representation that she was holding it as a trust fund. The finding of the trial judge eliminates entirely any contention that she received an absolute title to the property. Subject to a possible right of the defendant’s testatrix to use it in case of need, the money always was the money of the plaintiff, and was held by her as his trustee, Moore v. O’Hare, 224 Mass. 283, at 286. Bradford v. Eastman, 229 Mass. 499, at 501. Jameson v. Hayes, 250 Mass. 302, at 308, 309. Dodge v. Anna Jaques Hospital, 301 Mass. 431, at 436. Zak v. Zak, Mass. Adv. Sh. (1940) 229, at 230.
*85 There being a trust, no question of the statute of limitations could arise until the defendant’s testatrix repudiated the terms of the trust and the repudiation became known to the plaintiff. There was no evidence reported which showed any repudiation by the defendant’s testatrix during her lifetime. She died, May 12, 1937, and nothing had happened up to that time to cause the statute to run. Her death, did not destroy the trust, which was in existence when the action was begun either in late 1938, or early January, 1939. No earlier demand and refusal had caused the statute to run. Jones v. McDermott, 114 Mass. 400, at 403. Sturgis v. Preston, 134 Mass. 372, at 373. Campbell v. Whoriskey, 170 Mass. 63, at 66, 68. Schmidt v. Schmidt, 216 Mass. 572, at 577. Jameson v. Hayes, 250 Mass. 302, at 308, 309. Stuck v. Schumm, 290 Mass. 159, at 164, at 165. Dodge v. Anna Jaques Hospital, 301 Mass. 431, at 436. Zytka v. Dmochowski, 302 Mass. 63, at 66, 67.
There remains the question whether the form of the action is proper and sufficient. The plaintiff having waived in open court his right to recover under the second and third counts, the only count available for him is the first, that for money had and received.
That count “is often called an equitable action and is less restricted and fettered by technical rules and formalities than any other form of action. It aims at the abstract justice of the case and looks solely to the inquiry, whether the defendant holds money, which ex aequo et bona belongs to the plaintiff. It approaches nearer to a bill in equity than any other common law action.” Claflin v. Godfrey, 21 Pick. 1, at 6, 7. Where there is a trust and it is the duty of the trustee to pay over money to the cestui que trust a definite sum of money on demand, and nothing else *86 remains to be done, money had and received will lie. Minchin v. Minchin, 157 Mass. 265, at 267. Henchey v. Henchey, 167 Mass. 77, at 79. Cole v. Bates, 186 Mass. 584, at 586. Earle v. Whiting, 196 Mass. 371, at 372. Rabinowitz v. Peoples National Bank, 235 Mass. 102, at 103. Sherman v. Werby, 280 Mass. 157. It is not fatal to such an action that a suit in equity might have been maintained on the same facts for the termination of the trust and an accounting. Flye v. Hale, 224 Mass. 528, at 529.
Campbell v. Whoriskey, 170 Mass. 63, and Schmidt v. Schmidt, 216 Mass. 572, already cited, are cases in which recovery was allowed in contract on similar facts, while Jones v. McDermott, 114 Mass. 400, in which there was a recovery, was an action in “contract for money had and received.”
We are of opinion that the plaintiff was entitled to recover on his first count, and that there was no prejudicial error in the disposition made by the trial judge of the rulings requested by the defendant. The report is to be dismissed.