# CHARLESTON.

### WISNER, ADMX. v. WISNER *et als.*

### Submitted February 26, 1918.   Decided March 5, 1918.

1. BANKS AND BANKING—*Joint Savings Account—Right of Survivorship.*

    If a husband and wife by joint account opened in a savings bank stipulate in the pass book that the amount deposited by them as joint owners is to be ''payable to the order of either, or the survivor'', they thereby and by contract create a joint estate in the money deposited subject to the right of survivorship as provided thereby, unaffected by section 1, or section 18, of chapter 71, of the Code, relating to gifts inter vivos, joint tenancy, survivorship, etc., and the survivor will be entitled to the fund remaining on deposit as stipulated.   (p. 11).

2. WHAT LAW GOVERNS.

    The laws of the State of Maryland, where the deposit involved in this case was made, and those of West Virginia, the place of domicile, relating to joint tenancy, being substantially the same, the rights of the parties under the contract, whether solved by the laws of the one state or the other, are the same. (p. 13).

Appeal from Circuit Court, Mineral County.

Suit by Clara B. Wisner, administratrix, etc., against Clarence E. Wisner and others.   Decree for defendants, and plaintiff appeals.                         *Reversed and remanded.*

*Emory Tyler*, for apellant.

*Charles Ritchie*, for appellees.

MILLER, JUDGE:

This appeal is from so much and so much only of the decree pronounced on May 11, 1916, as adjudged and requires

plaintiff to pay over to the estate of her late husband John H. Wisner, the sum of $530.22, the sum remaining to the joint credit of appellant and her said husband at the time of his death in the Second National Bank of Cumberland, Maryland, and which on March 17, 1915, was transferred to and paid over to appellant by said bank.

Putting aside the regularity of the decree and proceedings in the cause, the sole question presented is as to the legal liability of appellant to account to said estate for the sum so decreed against her.

The fact shown by the bank pass book is that in July, 1911, a savings account was opened in said bank under the heading: "The Second National Bank, of Cumberland, Md. Dr. In Acc't. with Mr. or Mrs. J. H. Wisner Cr. Joint owners payable to the order of either, or the survivor." From this book it appears that from July 31, 1911, to October 25, 1913, sums including credits for interest aggregating $319.45, were deposited to this account, the last deposit prior to October 25, 1913, an interest credit, being June 30, 1912; that the aggregate amount withdrawn and debited to the account, including one $200.00 item, was $310.00, leaving a net balance to the credit of the account of $9.45, and which sum upon balancing the account was brought forward as a credit as of October 25, 1913; that the next credit or deposit was on November 21, 1913, in the sum of $1500.00, followed by two credits for interest, December 31, 1913, $4.50, and June 30, 1914, $11.92; that the account was again balanced as of August 13, 1914, showing withdrawals on checks aggregating $890.00, and leaving a balance to the credit of the account of $635.87, and which was on that date brought down as a credit in the account. The only other credit was on December 31, 1914, interest, $9.35, and between the date the account was last balanced and the date of the institution of this suit the balance after deducting sums checked out was $530.22, shown as of March 17, 1915, and which is the sum now in controversy.

It is conceded that the $1500.00 deposited on November 21, 1913, was money paid said J. H. Wisner by the Brotherhood of Railroad Trainmen, but on what account, does not appear,

and we do not see that this fact is material, and whether otherwise sufficiently proved or admitted, we think the fact must be regarded as established by the entries in the pass book of the bank, that the decedent to whom the $1500.00 was so paid was fully advised of the nature of said joint account and with appellant or individually deposited the same in said bank subject to the terms and conditions stated in the caption of the account, and that this transaction if not previously agreed to by him, constituted a contract between themselves and as depositors with the bank, that the money so deposited was to be held and paid out according to the terms and conditions stated in the contract.

It is contended on behalf of the appellees that the claim of the appellant cannot be supported on the theory that the deposit constituted a gift inter vivos by Wisner to his wife, because not established by proof, and because as such it would be void by section 1, chapter 71, Barnes' Code 1918, nor upon the theory of a joint tenancy created thereby and right of survivorship, abolished by section 18, of said chapter, nor on the theory of a trust created in the bank of deposit, nor as a gift causa mortis, etc.

The decisions seem to hold that such a deposit, the depositor not relinquishing all authority and dominion over the funds deposited, will not be regarded as an absolute gift inter vivos. *Kennedy* v. *McMurray*, (Cal.) Ann. Cas. 1916 D, 515, and monographic note 521, where the cases, including the Maryland decisions are fully reviewed. But it is well settled that the parties may by such a joint deposit or by deed or other contract create a joint estate therein, with right of survivorship, notwithstanding right of survivorship at common law has been abrogated by statute. In such case the right of survivorship is created by contract and not as one pertaining to joint tenancy as at the common law; and that such contract may be evidenced by a joint deposit upon terms and conditions such as we have under consideration in the case at bar. *Colmary* v. *Fanning*, 124 Md. 548; *Mathias* v. *Fowler*, Id. 655; *West* v. *McCullough*, 108 N. Y. Supp. 493; *Clary* v. *Fitzgerald*, 155 App. Div. (N. Y.) 659; *In Re Meehan*, 69 N. Y. Supp. 9; *Kennedy* v. *McMurray*, *supra*, and note 520; *Ma-*

gee on Banks and Banking, (2nd ed.) 292; 2 Morse on Banks and Banking, (5th ed.) section 609, p. 277, et seq. and notes.

The learned judge of the circuit court was of opinion that although the deposit was in a Maryland bank and the respective rights of the bank and the depositors would be solvable by the laws of that state, the rights of the depositors as between themselves would be controlled by the laws of their domicile, West Virginia, where, by section 18, chapter 71, Code, right of survivorship in joint tenancy, and of estates by entireties are abolished. In Maryland, the statute, section 13, Art. 50, 2 Pub. Gen. Laws, Maryland, provides that, "No deed, devise or other instrument of writing shall be construed to create an estate in joint tenancy", unless it be "expressly provided that the property thereby conveyed is to be held in joint tenancy." Nevertheless it is recognized in *Colmary* v. *Fanning, supra,* that such right of survivorship in a joint estate in a deposit, may be created by stipulation or agreement evidencing the same contained in a bank book, such as we have before us in the case at bar. Other Maryland cases cited in the note to *Kennedy* v. *McMurray, supra,* also affirm the same proposition. And notwithstanding our statute, section 18, chapter 71, Code, it has been distinctly decided by this court, that by virtue of section 19, of said chapter, said section 18 thereof does not apply to joint tenancy in personal estate and right of survivorship therein when the contract or deed of the parties evidences an intention to create such joint estate and such right of survivorship therein. *Bank of Greenbrier* v. *Effingham,* 51 W. Va. 267, 269. So that whether we apply the law of Maryland or the law of West Virginia, the result, so far as the rights of the parties to the present controversy are concerned must be the same. In either case the right of survivorship in the fund in controversy was complete in appellant upon the death of her husband. .

Moreover, in the recent cases of *Chippendale* v. *North Adams Savings Bank,* 222 Mass. 499; *Blick* v. *Cockins,* 252 Pa. St. 56; and *Deal's Admr.* v. *Merchants' and Mechanics' Savings Bank,* (Va.) 91 S. E. 135, the right of survivorship in joint estates created and evidenced by joint deposits like the one involved here was distinctly upheld, not upon the theory

of a valid gift inter vivos, but by virtue of the contract of deposit. In the Virginia case it is said: "It was a pure contractual relation, and no question of gift or trust arises in determining the rights of the parties under such a contract."

Whether we turn the case upon one theory or another the result is the same so far as appellant is concerned, for she is clearly entitled to the fund, and the decree to the extent appealed from must be reversed and the cause remanded for further proceedings to be had in accordance herewith and further according to rules and principles governing courts of equity.

*Reversed and remanded.*