COMMONWEALTH TRUST COMPANY

*v.*

CHARLES GROBEL, administrator of the estate of Robert Grobel, Sr., deceased, and SOPHIE GROBEL.

[Submitted February 28th, 1921. Decided March 2d, 1921.]

Where a husband and wife made a deposit in a bank, signing a memorandum that they were to hold "as joint tenants, and not as tenants in common," and there was an entry in the bank book that they were to "hold as joint tenants and not as tenants in common, the survivor to take," a contract was created between the two depositors and the bank which gave the survivor the right to take.

On bill, &c.

Mr. *John W. Ockford,* for Charles Grobel, administrator.

Mr. *Louis G. Hansen,* for Sophie Grobel.

GRIFFIN, V. C.

This is a bill of interpleader. The only question to be determined is whether a bank account in the Commonwealth Trust Company, standing in the name of husband and wife, passed to the wife upon the death of her husband. The deceased and his wife worked together. He was a business man, and his wife, in addition to her household duties, assisted him more or less in his business, and it seems that the moneys deposited in this account were derived wholly from this business. The account was opened on September 13th, 1918, by the deposit of $500. The trust company handed to Mrs. Grobel the deposit book, No. 11146. In this book, under the names of the parties, there was imprinted, with a rubber stamp, in plain view, the words "as joint tenants and not as tenants in common, the survivor to take." At the time of the original deposit the parties also signed and delivered to the trust company a memorandum in the following words: "This account is opened by us and intended to create a joint estate to us as joint tenants and not as tenants in common."

Grobel, Sr., died intestate. Letters were granted to Sophie Grobel, his wife, and Charles Grobel, a son by a former marriage. At the time of intestate's death there was on deposit the sum of $2,112, with interest. The intestate's estate, and the widow of the intestate, both set up claims to the fund.

The conclusion I have reached is, that when the parties signed the memorandum stating that they were to hold "as joint tenants and not as tenants in common," as well as the entry in the bank book that they were "to hold as joint tenants and not as tenants in common, the survivor to take," a contract was created between the two depositors and the bank which gave the survivor the right to take.

This case is clearly controlled by the *New Jersey Title Guarantee and Trust Co.* v. *Archibald*, *90 N. J. Eq. 384; affirmed, 91 N. J. Eq. 82.*

I will advise a decree that the fund, on the death of Mr. Grobel, passed to his wife, Sophie, as survivor.