CLEMENS HEINER, as Administrator of the Goods, Chattels and Credits Which Were of OTTO HEINER, Deceased, Plaintiff, *v.* GREENWICH SAVINGS BANK and MARY LEITZ, Defendants.

Supreme Court, Kings Special Term, March, 1922.

Banking — savings banks — joint accounts — decedent's estate — survivor has good title to joint deposit regardless of purpose of its creation — § 249 (3) of the Banking Law is constitutional.

The last paragraph of section 249(3) of the Banking Law declaring that the making of a deposit in a savings bank in the form of a joint account " shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding to which either such savings bank or the surviving depositor is a party, of the intention of both depositors to vest title to such deposit and the additions thereto in such survivor," construed not as a rule of evidence which would make it repugnant to judicial functions to decide issues of fact, but either as a rule of substantive law or as a limitation of a remedy, is constitutional.

Shortly before the death of decedent in January, 1921, he changed a savings bank account in his own name so that it stood in the names of " Otto Heiner and Mary Leitz, joint account, payable to either or survivor." The proof in an action by the administrator of decedent to recover the joint account showed that it was created with the intent to enable moneys to be drawn by Mary Leitz for the accommodation of decedent and not for the purpose of creating any rights in her. *Held*, that the testimony in that respect could not avail the plaintiff and that there must be judgment for the defendants.

The legislature has power to limit remedies, and construing the statute, which refers exclusively to an action where one of the parties named in the account is dead, as a rule of substantive law, it does not deprive a party of his property without due process of law.

ACTION by administrator to recover joint bank account.

*Evan S. Webster*, for plaintiff.

*Percy F. Griffin*, for defendant Greenwich Savings Bank.

*Nicholas Dietz*, for defendant Mary Leitz.

LAZANSKY, J. One Otto Heiner had an account in the Greenwich Savings Bank in his own name. Shortly before his death in January, 1921, the account was changed so that it was in the names of " Otto Heiner and Mary Leitz, joint account, payable to either or survivor." The administrator of said Heiner now claims said account as against Mary Leitz. The primary question in the case is whether, in light of the provision of section 249 of the Banking Law, the administrator may show that it was the intention of said Heiner and said Leitz in changing the account to himself and Mary Leitz, as above stated, to enable moneys to be drawn by said Leitz for the accommodation of said Heiner and without any intention on his part to have any interest in the account at any time vested in her. That section of the Banking Law provides:

" 3. When a deposit shall be made by any person in the names of such depositor and another person and in form to be paid to either or the survivor of them, such deposit and any additions thereto made by either of such persons after the making thereof, shall become the property of such persons as joint tenants, and the same together with all dividends thereon shall be held for the exclusive use of such persons and may be paid to either during the lifetime of both or to the survivor after the death of one of them, and such payment and the receipt or acquittance of the one to whom such payment is made shall be a valid and sufficient release and discharge to such savings bank for all payments made on account of such deposit prior to the receipt by such savings bank of notice in writing not to pay such deposit in accordance with the terms thereof. *The making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding to which either such savings bank or the surviving depositor is a party, of the intention of both depositors to vest title to such deposit and the additions thereto in such survivor.*"

It is claimed that the legislature had no authority to provide that the making of the deposit in the form stated should be conclusive evidence in any action or proceeding to which either such savings bank or the surviving depositor is a party, of the intention of both depositors to vest title to such deposit and the additions thereto in such survivor. The first part of subdivision 3 of section 249 with reference to the creation of joint tenancies in deposits came into the law by way of an amendment to the Banking Law in 1907 (Laws of 1907, chap. 247). The last paragraph was added in 1914 (Laws of 1914, chap. 369). Before these laws a deposit in the form stated was not regarded as sufficiently establishing the intent of the person making it to create a trust in behalf of another or to give such another joint interest in or ownership of the deposit. *Kelly* v. *Beers*, 194 N. Y. 49; citing *Matter of Bolin*, 136 id. 177. Under the provisions of subdivision 3 of section 249 of the Banking Law, as created by chapter 247 of the Laws of 1907, which does not include the last paragraph with reference to the effect of such a deposit, it was held that there was created a joint tenancy, and, in the absence of other evidence, the survivor would be entitled to the fund. The presumption, however, was rebuttable. *Clary* v. *Fitzgerald*, 155 App. Div. 659; affd., 213 N. Y. 696. Then came the amendment of 1914 consisting of the last paragraph. The only case found which considers the question raised by this amendment is *Matter of Buchanan*, 184 App. Div. 237. Mr. Justice Henry T. Kellogg discusses the question in light of what is said by Wigmore in his book on Evidence (§ 2492), that there cannot be

such a thing as a conclusive presumption, and that the statute really creates a rule of substantive law. Upon that basis the learned justice concludes that the deceased depositor has been deprived of his property without due process of law. He refers to a case of a thief who deposited the stolen moneys in the specified form, and states that under the statute he would be the owner of the fund upon the death of the real owner because there would be no fraud or undue influence. Reference is also made to a case where the owner sent another to deposit his moneys in a savings bank and the attorney innocently deposits them in joint account for himself and the owner. It is urged that in such a case under the statute the real owner without consenting thereto in part loses title to his property. It seems to me in testing the constitutionality of an act the spirit and not the letter thereof must be taken into consideration. The legislature, in my opinion, intended that the form was only conclusive evidence as to accounts opened with the intention of the owner or owners of the money. The provision should not be deemed to include accounts otherwise opened. I think this is shown by the exclusion of accounts in connection with which there has been fraud and undue influence. Many acts held to be constitutional might have been held to be unconstitutional upon the basis of supposititious fanciful facts not within the spirit of the act. But even in the two cases mentioned by the learned justice, it seems to me that there would be a fraud within the spirit of this act. For the thief to claim as his own that which belonged to another or for a trustee to claim moneys which belonged to another would be in the nature of frauds. The same would apply to any account not opened with the consent of the owner. It seems to me, therefore, that if this statute be construed as a rule of substantive law, it does not deprive a party of his property without due process of law. The provision is not altogether clear, but refers, I think, exclusively to an action where one of the parties named in the account is dead. During the lifetime of both of the depositors either one would have the right to establish the real fact, whatever it might be, with reference to the account, and would have the right to bring an action in respect of that. He thus has an opportunity for his day in court and through him his personal representatives would have their day. The statute may be upheld on another basis. The legislature has the power to limit remedies. Under this statute it may be said that the remedy for a claim that the account is not what it purports to be must be pursued during the lifetime of one of the depositors. It may be construed to be of the nature of a Statute of Limitation. As shown above, this would not be a taking of property without due process of law,

because during his lifetime the decedent could have sued with reference to the account. In *People* v. *Turner*, 117 N. Y. 227, the court had under consideration section 65, chapter 448 of the Laws of 1885, declaring that all conveyances theretofore executed by the comptroller on sale of land for unpaid taxes, after having been recorded for two years, shall six months after this act takes effect be conclusive evidence that the sale and all proceedings prior thereto were regular, etc. The court held that the act was in its principal aspects one of limitation and within the constitutional power of the legislature to enact. At page 233 it is said: " The power of the legislature to change rules of evidence as they exist at common law, and to limit, change and vary existing rules for the limitation of actions, has been the subject of frequent consideration in the courts, and has been uniformly held not to be affected or restricted by the constitutional provisions prohibiting the taking of life, liberty or property without due process of law."

Construing this statute, not as a rule of evidence which would make it repugnant to judicial function to decide issues of fact, but either as a rule of substantive law or as a limitation of a remedy, the constitutionality of the act cannot be questioned. Although the proof in the case shows, and I shall find, that it was the intention of the decedent in creating the joint account to do it for the sake of convenience and not for the purpose of creating any rights in the defendant, the testimony in that respect cannot avail the plaintiff, and there must be judgment for the defendant. No costs. Submit decision and judgment in accordance with the foregoing.

Judgment accordingly.