MARION MERRICK ROCKEFELLER *vs.* WILLIAM L. DAVEN-
PORT, administrator, & others.

Franklin.    September 16, 1931. — October 5, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Gift.   Savings Bank.   Joint Tenants.*

At the hearing of a petition in a probate court against an administrator to
determine the ownership of savings accounts in two banks standing, at
the time of the death of the respondent's intestate, as joint accounts of
the intestate and the petitioner, there was evidence that the accounts
formerly stood in the name of the intestate, a woman, alone; that she
went with the petitioner to the banks and at each of them stated to its
official in the petitioner's presence that she wished the account made a
joint account with the petitioner; that at one bank she signed a state-
ment to that effect; that thereupon each bank changed its records so
that the account was a joint account payable to the intestate or the
petitioner or to the survivor.  The petitioner signed nothing.  The
bank books were left with the respective banks.  The petitioner testified
"that . . . [he] probably would not, during the lifetime of the dece-
dent, have withdrawn any part of the money so deposited, without
great need therefor or notifying the decedent."  The judge found that
there was not an attempt to make a testamentary disposition of prop-
erty, but that there was a completed gift by the intestate and an accept-
ance by the petitioner; and ordered the funds paid to the petitioner.
*Held,* that
   (1) When the bank accounts were changed into joint accounts of the
intestate and the petitioner, new contracts between them and the banks
were made;
   (2) The failure of the petitioner to sign a deposit slip did not deprive
him of his right to the deposits;
   (3) The contract by which the deposits became the joint property of
the intestate and the petitioner did not violate the statute of wills;
   (4) The mere fact that the petitioner probably would not have with-
drawn any of the money during the lifetime of the intestate did not
destroy his right as the survivor;
   (5) The decree for the petitioner was proper.

PETITION, filed in the Probate Court for the county of
Franklin on October 9, 1930, against the administrator of
the estate of Mary Elizabeth Swan, late of Shelburne, the
Franklin County Trust Company and the Greenfield Sav-

ings Bank, to have determined the ownership of certain deposits in the respondent banks.

The petition was heard by *Thompson*, J., a stenographer having been appointed under G. L. c. 215, § 18, as amended. Material evidence and facts found by the judge are stated in the opinion. A final decree was entered adjudging the ownership of the accounts to be in the petitioner and directing their transfer to her. The respondent administrator appealed.

The case was submitted on briefs.

*W. L. Davenport*, for the respondent administrator.

*C. N. Stoddard, P. H. Ball, & J. T. Bartlett*, for the petitioner.

CARROLL, J. This is a petition in equity to determine the ownership of certain savings bank deposits. A decree for the petitioner was entered. The judge of probate before whom the case was heard found as follows: The intestate, Mary Elizabeth Swan, went to the banks in Greenfield where moneys were deposited in her name. She was accompanied by the petitioner, Marion Merrick Rockefeller, of Asheville, North Carolina, (formerly Marion B. Merrick). The two deposits were then transferred to the intestate and the petitioner as joint tenants. The deposit book and the record card of the Franklin County Trust Company were stamped "Joint Tenants," and money in the Conway Savings Bank was collected by the direction of the intestate and added to this account. The deposit book and record card in the Greenfield Savings Bank were stamped "Either party." It was also found that the transaction was not an attempt to make a testamentary disposition of property; that there was a completed gift by the decedent and an acceptance by the petitioner. There was evidence that the intestate stated to the trust officer of the trust company that "she desired to have that account made joint with Miss Merrick"; that the transaction was in the presence of Miss Merrick. The book and record card were then stamped "Joint tenants, payable wholly or in part to either or the survivor." The deposit book was left with the trust company, subject to the call of either party. At the Greenfield Savings Bank the

officer in charge was requested by the decedent to change the book into a joint account with Miss Merrick, and he witnessed the signature of Mary Elizabeth Swan to this order: "You are hereby authorized and directed to add to my account and Bank Book No. 21395, the name of Marion B. Merrick so that all the moneys now due, or that hereafter may become due, either as principal or interest on said account and Bank Book, shall be payable to either myself or the said Marion B. Merrick or to the survivor." The petitioner was present at this time. The deposit book was left with the bank. It was further found that the intestate at the time of the transfer was not incompetent nor unduly influenced; that the testimony of the "petitioner — that she probably would not, during the lifetime of the decedent, have withdrawn any part of the money so deposited, without great need therefor or notifying the decedent — does not contradict her claim of joint tenancy in the deposits, and that her reluctance to exercise a right . . . was not contrary to the existence of that right."

When the bank accounts of Mary Elizabeth Swan were changed into the joint accounts of herself and Miss Merrick new contracts between them and the banks were made. The banks no longer held the money as the sole property of the original depositor; the deposits became the joint property of the decedent and the petitioner, including the additions made to the accounts after the contracts were made, and as the petitioner is the survivor it was rightly decided that she could recover. *Kentfield* v. *Shelburne Falls Savings Bank*, 273 Mass. 548. *Holyoke National Bank* v. *Bailey*, 273 Mass. 551. *Brodrick* v. *O'Connor*, 271 Mass. 240. *Chippendale* v. *North Adams Savings Bank*, 222 Mass. 499. The failure of the petitioner to sign a deposit slip did not deprive her of her right to the deposits. *Kentfield* v. *Shelburne Falls Savings Bank*, 273 Mass. 548. The contract by which the deposits became the joint property of the intestate and the petitioner did not violate the statute of wills, *McKenna* v. *McKenna*, 260 Mass. 481, nor did the fact that the petitioner would probably not withdraw any of the money during the lifetime of the intestate destroy

her right as the survivor. *Bailey* v. *New Bedford Institution for Savings*, 192 Mass. 564, relied on by the respondent, is to be distinguished on the facts. Nothing was decided in *Battles* v. *Millbury Savings Bank*, 250 Mass. 180, in conflict with this opinion.

*Decree affirmed.*