## CASSEDY v. STRAUCH.

### No. 5499.

Court of Appeals of District of Columbia.

Argued Jan. 5, 1932.

Decided Feb. 1, 1932.

Frank K. Nebeker and Geo. C. Ober, Jr., both of Washington, D. C., for appellant.

B. B. Pettus and Geo. E. Sullivan, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This appeal challenges an interlocutory order issued by the lower court appointing receivers pendente lite in a foreclosure suit, and ordering the payment of certain money to the receivers by appellant. The order was made upon bill and answer.

It appears that appellant and his associates owned and were in possession of certain real estate situate in the District of Columbia, consisting of a leasehold estate in certain city lots improved by a twelve-story building, designed in part for storerooms and in part for living apartments; that the property was incumbered by a ground rent charge of $36,000 per annum payable in quarterly installments, and by a deed of trust or mortgage indebtedness represented by 870 promissory notes aggregating $650,000, payable with semiannual interest at 6 per cent. per annum; that appellee as plaintiff below was the

owner of four of these notes in the aggregate amount of $8,000, and in behalf of himself and other like note holders he brought this suit in the lower court for a foreclosure of the mortgage, and for the appointment of receivers to take charge of the property and manage it pendente lite subject to the court's orders, alleging that there were unpaid taxes amounting to $5,533.54 upon the property, and that there was imminent danger of default in the payment of the ground rent aforesaid. It was also alleged in the bill that appellant was in possession of certain income received by him from the property, which, according to a prior arrangement, should in equity be applied to the payment of the taxes accrued thereon.

The court thereupon appointed receivers for the property pendente lite and ordered appellant to pay over to the receivers such part of the income from the property in his possession as would pay the accrued taxes. The receivers duly qualified, and appellant, under objection and exception, paid over to them the sum of $5,500 under the court's order.

This appeal was then brought upon the contention that the court erred both in appointing receivers and in requiring appellant to pay over the funds aforesaid to them.

Appellant admits the defaults charged in the bill of complaint and concedes that the note holders are entitled to an immediate sale of the property under the trust deed whereby the notes are secured; he avers that nothing in the bill or answer presents any obstacle to the immediate foreclosure of the trust deed, and that this is all the relief which the plaintiff below was entitled to receive. He contends, moreover, that such relief affords a plain, speedy, and adequate remedy at law, and argues that "all the conditions for the immediate sale of the property being present it is apparent that the note holders could have obtained all the rights secured to them by the deed of trust in less time even than they took to get receivers appointed," and that "it is obvious that the right to foreclose does not carry with it the right to a receiver."

In our opinion the lower court was not guilty of an abuse of discretion in appointing receivers pendente lite.

"The power to appoint receivers in foreclosure suits is a power inherent in courts of equity, as part of their general authority, and does not depend upon any contractual provision in the mortgage giving a lien on the income. * * * It is a power which

rests very largely in the discretion of the court where the foreclosure suit is brought, to be exercised or withheld according to a wise and provident consideration for the rights and equities of all parties. * * *" 42 C. J. 120, § 1682.

Nor would this court be justified in reversing the order whereby appellant was required to pay over to the receivers from the income of the property such sum as was necessary for the payment of overdue taxes. The obligation rested upon appellant to pay the taxes accruing upon the property, and the money was used for that purpose pursuant to a prior understanding between the parties.

The order appealed from is accordingly affirmed, with costs.