## QUIGLEY v. QUIGLEY.
### No. 6633.

United States Court of Appeals for the District of Columbia.

Decided June 8, 1936.

Dion S. Birney, of Washington, D. C., for appellant.

Joseph T. Sherier, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

VAN ORSDEL, Associate Justice.

Appellant, as the administrator of the estate of Mary E. Quigley, brought this suit in the Supreme Court of the District of Columbia to recover certain moneys claimed to be due the estate from defendant Marion K. Quigley.

It appears that Mary E. Quigley, the mother, was on July 13, 1923, the owner of a bank account which had been opened with funds belonging solely to her. Thereafter and until the date of her death on April 13, 1932, she from time to time deposited additional funds of her own in the account, and, upon her individual check, withdrew various amounts therefrom for her own use. Some time after the establishment of this account, the name of the defendant Marion K. Quigley, was written upon the signature card of the account in the bank in such matter that the authorized signature was made to read: "Marion K. Quigley or Mary E. Quigley pay to the order of either, at the death of either, balance to belong to survivor."

It is alleged that the signature was not placed upon the card with any intention on the part of the mother, Mary E. Quigley, of either converting the account into one of joint ownership with the defendant or of conveying to the defendant any right or ownership therein. It is also alleged that the defendant at no time deposited any funds of her own in the account, or withdrew any funds therefrom, or exercised any ownership over the fund. It is further alleged that on or about May 24, 1932, the defendant withdrew the entire balance from the bank and appropriated it to her own use.

Defendant demurred to the declaration. The court sustained the demurrer, and plaintiff elected to stand upon the declaration, and from the judgment thereon this appeal was taken.

This case is clearly ruled by our decision in the case of Garrett v. Keister, 61 App.D.C. 21, 25, 56 F.(2d) 909, 911, where, under similar circumstances, the administrator of the mother's estate alleged that a joint account with her son was opened by him without her knowledge, and that he practiced fraud and undue influence upon her. The mother at the time was eighty-seven years of age, and could not write, but could read printed matter. It appeared that she depended upon her son for advice and assistance in conducting her business affairs. The words used in creating the joint account were substantially the same as those used in the instant case. The case was tried and it was found that the charge of fraud was not sustained. In affirming the decree, this court said: "In the present case, while it is true that the mother, because of her inability to write, signed her name by her mark, she was nevertheless sui juris and capable of transacting business and understanding the nature of the contract into which she was entering, and, in the absence of evidence of fraud, undue influence, or coercion, the contract, which was a legal one, should be upheld."

In the present case the plaintiff relies upon the bald averment that it was not

the intention of the mother to convey an interest in this account. This allegation is not supported by any statement of fact whatever. As in the Keister Case, after the allegations of fraud were eliminated, it rests upon the sufficiency of the contract to establish a joint tenancy in the account, which we think the language of the contract fully sustains. There is nothing in this case which would justify the court in invalidating this contract, which clearly expresses an intention on the part of the mother to establish a joint account, with the power in either party to withdraw part or all of the money at any time, and that upon the death of either the balance remaining in the account should belong to the survivor.

The judgment is affirmed, with costs.