256 P.2d 558

**SHERIDAN v. KLEEMANN.**
No. 5639.

Supreme Court of Arizona.
April 21, 1953.

Rehearing Denied May 19, 1953.

Langmade & Sullivan, of Phoenix, for appellant.

Moore & Moore, of Phoenix, for appellee.

DON T. UDALL, Superior Judge.

This is an appeal from a judgment entered in the lower court in favor of the de-

fendant, appellee herein, Florence A. Kleemann, and against plaintiff, appellant herein, Lawton G. Sheridan, administrator with the will annexed of the estate of Fannie E. Sheridan, deceased. The parties will be hereinafter called plaintiff and defendant.

The plaintiff brought suit to require the defendant to account to the estate of Fannie E. Sheridan for the moneys remaining on deposit in two joint savings accounts carried in the names of Fannie E. Sheridan and Florence A. Kleemann in the aggregate sum of $4,559.57 at the time of the death of Fannie E. Sheridan on July 9, 1950. According to the amended complaint the decedent in her lifetime, advanced the necessary money to create these deposits. The agreements by which these two joint accounts were opened, signed by both the parties, and pertinent to the issues of this appeal, are as follows:

Western Savings and Loan Association

" * * * It is understood and agreed that the account hereby subscribed for is issued by the Association, and all moneys paid or that may hereafter be paid thereon are paid by the undersigned, and such account together with all accumulations thereon is held by the Association for our account, as joint tenants with right of survivorship and not as tenants in common, and that funds to the credit of said account may be withdrawn subject to the By-Laws of the Association by either before or after the death of either, and either is authorized to pledge the same as collateral security to a loan."

First National Bank of Arizona

" * * * That all funds now to the credit of or which may hereafter be placed to the credit of this account are and shall be the property of the undersigned as Joint Tenants to be withdrawn as follows: upon the request or order of both or either of us; and also that upon the death of either of us, the survivor shall have the absolute right to withdraw or be paid all moneys then remaining to our credit in said account, and the receipt of either of us or the survivor of us and payment thereof shall discharge said bank from liability to either of our heirs, executors or administrators. * * *."

A motion to dismiss the amended complaint for failing to state a claim upon which relief could be had was granted and thereafter judgment was entered for defendant. This appeal followed.

The plaintiff's sole assignment is to the effect that it was error for the court to hold that a complaint filed by an administrator of an estate, seeking to recover savings accounts made in the joint names of decedent and her sister with authority in the survivor to withdraw the funds from said accounts upon the death of either, which alleged that the moneys on deposit were the sole and separate property of decedent and

that the survivor makes no claim to the funds as a gift, did not state a claim for relief.

This court in the case of Brown v. Navarre, 64 Ariz. 262, 169 P.2d 85, 92, held that two persons, having an interest in money deposited in a bank by one of them and held jointly under an undivided possession, " * * * were not tenants in common but were joint tenants because their joint ownership grew out of the written contract executed by both parties declaring joint ownership with right of survivorship * * *."

In writing the opinion in that case, Chief Justice Stanford expounded the law at length with respect to joint tenancy with right of survivorship, and further, cited many authorities in support of the court's holding that the following agreement, which was being tested in that case, created a joint tenancy with right of survivorship, to wit:

"It is hereby declared that all property of every kind, at any time heretofore or hereafter placed in said box, is the joint property of both lessees and upon the death of either passes to the survivor."

The plaintiff contends that by alleging the moneys on deposit were the sole and separate property of the deceased at time of her death, and further, that the surviving sister makes no claim to the deposits as a gift, is sufficient to state a good cause of action, thereby entitling the plaintiff to

his day in court to determine such issue, even though other allegations of the complaint disclose a joint tenancy. The allegation that the moneys on deposit were the deceased's sole and separate property is a contradictory allegation of fact inconsistent with the pleading setting forth the joint agreements under which the moneys were deposited. In this situation the contradictory allegation of ownership must give way to the interests and ownerships created by the written instruments which show the true intent of the parties. Matthew v. Moncrief, 77 U.S.App.D.C. 221, 135 F.2d 645, 648, 149 A.L.R. 856. Further, we hold a complaint cannot be bolstered with general allegations and parol contradictions to override the intent and meaning of unambiguous written instruments upon which it is based unless the purpose is to show fraud or mistake.

The court has to look to the joint agreements to find the intent of the donor, and always the controlling question in a case of this kind hinges upon whether the owner of the money intended to make a gift or whether the account was entered in joint form for other purposes. An examination of the case of Matthew v. Moncrief, supra, gives considerable light on the legal question before us and the law announced therein is controlling in this case. The pertinent portions of that opinion read as follows:

"* * * Courts have agreed that the question of the intention of the

322

donor is material, but they have held that when such intention is expressed in a written instrument which says, in plain terms, that the deposit is the joint property of both, and that it is to go upon the death of either to the survivor, such an expression of intention is conclusive, and preclusve of all parol contradiction, except upon the grounds of fraud or mistake. We believe this to be a proper application of the parol evidence rule.

\* \* \* \* \* \*

"The complaint shows that a contract was signed by both donor and donee with the Perpetual Building Association; that the words of the contract expressed a clear and unequivocal intention in the donor to make the donee a joint owner; and that a clause of survivorship was included in the instrument. The complaint does not allege fraud or mistake in the execution of the joint agreement. We cannot, under these circumstances, allow Mrs. Davidson's clearly written and plainly expressed purpose to be rewritten after her demise, or deprive the appellee of rights in a contract to which she was a party-signatory. Accordingly, we hold that the District Court rightly considered that the appellants' complaint did not state a cause of action."

A close study of the complaint in the instant case fails to reveal any allegations of fraud or mistake therein. We hold, with the learned trial judge, that the amended complaint failed to state a claim upon which relief could be granted, as the essential requisites of a joint tenancy with right of survivorship are included in both the controlling agreements.

Judgment affirmed.

STANFORD, C. J., and PHELPS, LA PRADE and UDALL, JJ., concur.

WINDES, J., being disqualified, the Honorable DON T. UDALL, Judge of the Superior Court of Navajo County, was called to sit in his stead.