Patricia H. TURNER, Appellant,

v.

The MERCHANTS & PLANTERS NATION-
AL BANK OF SHERMAN, Appellee.

No. 7643.

Court of Civil Appeals of Texas.

Texarkana.

July 13, 1965.

John B. McClane, McGown, Godfrey,
Logan & Decker, Fort Worth, for appel-
lant.

William R. Bryant, Henderson & Bryant,
Joe M. Joiner, Joe A. Keith, Sherman, for
appellee.

CHADICK, Chief Justice.

This is a declaratory judgment action. The judgment of the trial court is affirmed.

The Merchants & Planters National Bank of Sherman instituted this action in the District Court as Executor and testamentary Trustee under the joint and mutual will of Frank A. Jewell and Mattie H. Jewell, both deceased. Judicial ascertainment of the rights of all persons who have or may take a property interest by the will is the purpose of the suit. Patricia H. Turner and her husband have appealed from the judgment rendered and are appellants. The Bank, Robert L. Jewell, Mary Catherine Diggs, and her three minor children, Frank Edward, Wayne and Melinda, are appellees.

Frank A. Jewell and Mrs. Mattie H. Jewell were each married twice, the second time to each other; their first spouses predeceased them. Mrs. Mattie H. Jewell was the mother of Patricia H. Turner, by the prior marriage union, as Mr. Frank A. Jewell was the father by his previous marriage, of Robert L. Jewell and Mrs. Mary Catherine Diggs. Mrs. Diggs is the widowed mother of the three minor children.

Frank A. Jewell and Mattie H. Jewell executed and published the will on the 27th day of September, 1960, and its validity as a joint and mutual will is unquestioned. Frank A. Jewell predeceased Mattie H. Jewell. The will was probated following the death of each testator as such testators' last will and testament. The lengthy document occupies over thirty pages of the Statement of Facts, but Section 4 contains the language having primary influence on the question presented by this appeal. Section 4 is as follows, to-wit:

"All the remainder of the estate of the first of us to die, together with all property of the survivor of us, as same exists upon the death of the first of us to die, and upon the death of the survivor of us, all the rest, remainder and residue of the estate of such survivor, of every kind and nature, real and personal, shall pass to and vest in the trustees and their successors hereinafter provided, to be held in trust for the uses and purposes and subject to the provisions, conditions and limitations hereinafter set forth."

Frank A. Jewell's death in April, 1961, matured life insurance in the amount of $21,000.00. Proceeds were paid, $10,500.00 to Mrs. Mattie H. Jewell, and $5,250.00 each to Robert L. Jewell and Mary Catherine Diggs. In May, 1961, Mrs. Mattie H. Jewell opened a checking account at The Merchants & Planters National Bank of Sherman, wherein she deposited funds that included the insurance proceeds mentioned, annuity payments matured by her husband's death, and sums advanced to her by the trustee bank. Mrs. Jewell's balance in the account was $503.64 when she died in June, 1962.

In September previous to her death Mattie H. Jewell and appellant Patricia H. Turner opened a savings account at the same bank. To this saving account $5,909.-54 was deposited by Mattie H. Jewell. She took and retained possession until death of the passbook recording the transaction. No withdrawal was made during Mattie H. Jewell's lifetime. The signature card made in connection with the account stated: "Our intention is to create a joint tenancy in this account, and in accounts in continuation hereof, with right of survivorship".

On June 1, 1961, Mattie H. Jewell and Patricia H. Turner opened and subscribed to a share account in the Sherman Savings & Loan Association of Sherman, Texas. The signature card signed by both provided that the funds in the account were held by them "as joint tenants with right of survivorship and not as tenants in common". All deposits to the account were made by Mrs. Jewell and she took and retained possession of this passbook until death. When Mrs. Jewell died the total balance of this account stood at $8,633.83. All but $450.00 of the total was traced out of Mrs. Jewell's

checking account and from annuity payments, etc.

In November, 1961, Mattie H. Jewell and Patricia H. Turner opened and subscribed to a savings share account with the Fort Worth Savings & Loan Association, Fort Worth, Texas. The total deposited was $702.06. All funds deposited were furnished by Mrs. Jewell. Again the signature card provided "Joint account—with right of survivorship". Patricia H. Turner, as a convenience to Mrs. Jewell, kept possession of the passbook. The balance in the account at Mrs. Jewell's death was $702.06. Mrs. Turner withdrew this balance before suit.

The community and separate property[1] of Frank A. and Mattie H. Jewell, as it existed at the time of Frank A. Jewell's death, passed to and vested in the testamentary trustees under the terms of Sec. 4 of the will. In a different category, as Sec. 4 is written, is any property Mrs. Jewell acquired after Mr. Jewell's death and disposed of before her own death. This second class of property became subject to the trust and disposition in accordance with the provisions of the will if it was on hand at Mrs. Jewell's death, and a part of the "rest, remainder and residue" of Mrs. Jewell's estate at the time of her death. The issue to be decided by this appeal is whether or not the funds in the several savings accounts are a part of the "rest, remainder and residue" of Mrs. Jewell's estate.

■ The facts recited in describing the saving accounts make it apparent that

funds in the accounts were not an in praesenti gift by Mrs. Jewell to Patricia H. Turner. Krueger v. Williams, 163 Tex. 545, 359 S.W.2d 48; Gifts, 27 Tex.Jur. 170, Sec. 26. The funds in the accounts, except $1,152.06, were derived from insurance on the life of Mr. Jewell, annuities, trust funds, and the like. By operation of law the survivorship provisions of the deposit and share contracts, made with the financial institutions when the accounts were opened, diverted the funds therein from the operation of the will and vested title thereto in Patricia H. Turner at Mrs. Jewell's death, unless the factual situation in evidence constitutes an equitable bar to such legal result. Krueger v. Williams, supra; Davis v. East Texas Savings & Loan Association, 163 Tex. 361, 354 S.W.2d 926.

■ The parties on both sides of the appeal agree that the general purpose and intent of the joint and mutual will was to provide for the survivor and pass any remaining property to the children in equal shares.[2] The will evidences a contract between Mr. and Mrs. Jewell to dispose of their estate in concert to accomplish a common objective. In its contractual function the will became irrevocable at Mr. Jewell's death. Weidner v. Crowther, 157 Tex. 240, 301 S.W.2d 621; Wills, 61 Tex.Jur.2d 239, Sec. 119. Courts in the exercise of equitable jurisdiction will not permit a survivor to nullify the contractual obligations of a mutual will. The Court in Weidner said:

"At the heart of a mutual will lies a contract of the parties. It would be manifestly unjust to permit the surviv-

---

1. (Except a few items controlled by Section 2 of the Will).

2. If this purpose be given dominant stress, judgment of the trial court may be sustained by construing the word "estate" as it is used in Section 4 in the phrase "all the rest, remainder, and residue of the estate of such survivor" in its most extensive sense, that is, to "signify everything of which riches or fortune may consist" (Bouvier's Law Dictionary, 3rd Revision, 8th Edition). When such meaning is ascribed to "estate", Sec. 4

clearly contemplates that all property belonging to Mrs. Jewell at the time death overtakes her is meant, rather than the more restricted meaning of her property subject to administration as the estate of a decedent. The funds in the savings accounts unquestionably belonged to her until life ended, and except for her contractual arrangement that diverted the funds to Patricia A. Turner, the money in the accounts would have been a part of her estate subject to the provisions of the will.

ing party to the contract to disavow it and its obligations, as those obligations are incorporated in their will, after the other party has fully performed by abiding by it until his ability to revise it has been terminated by death."

 For the sake of clarity it is emphasized that the funds involved were not disposed of by Mrs. Jewell while she was living, that is, used or spent or put beyond her reach and discretionary use; nor is the will under consideration one wherein the survivor is given the right to dispose of the property during lifetime at discretion, except that falling in the second classification previously mentioned. There is no uniformity in the footing upon which courts have rested decision in cases similar to this. See Headnote 2 portion of opinion in Weidner v. Crowther, supra. In this instance both Mrs. Patricia H. Turner and Mrs. Jewell are parties to the survivorship contract. As a party and beneficiary Mrs. Turner is in privity of estate with Mrs. Jewell. Such title as Mrs. Jewell had to the funds in the saving accounts had vested in her when she deposited the funds subject to the survivorship contract. The title that Mrs. Turner takes under the survivorship contract has its source in the title that was vested in Mrs. Jewell when she deposited the funds. The rule is stated in Joint Tenancy 48 Corp.Jur. Sec. 911, Subdiv. 1b, in this language:

"Source of survivor's title. The joint tenant who survives does not take the moiety of the other tenant from him or as his successor, but takes it by right under the conveyance or instrument by which the joint tenancy was created."

In Matthew v. Moncrief, 77 U.S.App.D.C. 221, 135 F.2d 645, 149 A.L.R. 856, Justice Vinson of the United States Court of Appeals for the District of Columbia, later Chief Justice of the United States Supreme Court, said:

"* * * In many of these decisions, the expressed rationale has been that

the deposit card is a contract or novation between the bank and both depositors, and that the donee-survivor takes not only as donee, but under the binding agreement negotiated between the bank and himself. * * *"

As such privy, she stands in Mrs. Jewell's place and cannot in a court of equity insist that the survivorship contracts Mrs. Jewell made be enforced, as to do so would be inequitable; enforcement would breach and nullify in part the contract between Mr. Jewell and Mrs. Jewell evidenced by the will. Estoppel, 22 Tex.Jur.2d 664, Sec. 4. The facts make out a case of estoppel in pais operating in bar of Mrs. Turner's survivorship rights in the saving account contracts.

The appellant's points of error are overruled and the judgment of the trial court is affirmed.